IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**HARRY E. WALKUP, JR.,**

    **Petitioner,**

v.                                                    Civil Action No. 5:04-1283

**WILLIAM HAINES, Warden,**
**Huttonsville Correctional Center,**

    **Respondent.**

<u>**MEMORANDUM OPINION**</u>

Pursuant to the court's order of September 29, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

    **A.  Factual and Procedural Background**

On January 25, 2001, following a jury trial, petitioner was convicted in the Circuit Court of Greenbrier County, West Virginia, of arson causing injury, second degree arson, breaking and entering, and retaliation against a person participating in an official proceeding.  See <u>State v. Walkup</u>, Case No. 00-F-97 (Cir. Ct. Greenbrier Cty. Feb. 26, 2001) (included in the record at Doc. No. 2 at 1).  On February 26, 2001, petitioner was sentenced to a lengthy period of incarceration on these charges.

(See id.)  On October 21, 2001, following a guilty plea, petitioner was convicted of misdemeanor battery of a corrections officer.  See State v. Walkup, Case No. 01-F-45 (Cir. Ct. Greenbrier Cty. Jan. 2, 2002).  Petitioner was sentenced to a six-month period of incarceration in relation to this offense to run concurrent to the time he received in relation to the other charge.

On June 21, 2001, petitioner appealed his arson-related conviction to the Supreme Court of Appeals for West Virginia, raising six assignments of error.  (See Doc. No. 2 at 2.)  Petitioner's direct appeal of this conviction was refused by the Supreme Court of Appeals of West Virginia.  (Id.)

On May 23, 2002, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Greenbrier County, which, as of the date of this opinion, remains pending.  On December 11, 2002, the Circuit Court entered an order directing respondent to show cause, if any, as to why petitioner's petition should not be granted.  (See Doc. No. 10 at 9-13.)  On December 16, 2002, respondent filed a motion to dismiss, to which petitioner responded by requesting counsel on December 19, 2002.  (See id.)  Having received no further response, on April 22, 2003, petitioner filed a petition with the Supreme Court of Appeals requesting that a writ of mandamus be directed against the Circuit Court of Greenbrier County.  (Id.)  By Order dated

September 11, 2003, the Supreme Court of Appeals concluded "that a rule should be awarded" and scheduled a hearing at which time respondent was directed to show cause why the writ should not issue. (Id.) By Order dated October 9, 2003, the Circuit Court appointed Richard H. Lorenson, Chief Public Defender for the Eleventh Judicial Circuit, to represent petitioner in his *habeas* proceeding. (Id.) The Supreme Court of Appeals then dismissed petitioner's request for a writ of mandamus.

Petitioner filed a second request for a writ of mandamus on May 10, 2004, with the Supreme Court of Appeals, this time requesting that he be released due to "extraordinary dereliction" on the part of the State of West Virginia. (See Doc. No. 37, Ex. 11.) As exhibits to this petition, petitioner attached his petition, copies of letters he mailed to his attorney, an index of proposed legal arguments which he provided his attorney, and documentation supporting his panic disorder and Prozac defense. (Id.) By Order entered October 22, 2004, the Supreme Court of Appeals refused his petition. (See Doc. No. 37, Ex. 12.)

On July 13, 2004, the Circuit Court of Greenbrier County entered an agreed discovery order granting petitioner permission to depose his trial attorney and his alibi witness, Richard Smith. (See Doc. No. 37, Ex. 13.) The parties agreed that the depositions would be evidentiary in nature and may be used in the final disposition of petitioner's habeas proceeding. (Id.)

On July 27, 2005, petitioner's appointed counsel Richard H. Lorenson filed with the Circuit Court a "Motion to Clarify Role as Counsel." (Id., Ex. 14.)  In this Motion, Lorenson states he obtained the transcripts of petitioner's underlying criminal proceedings in late January 2004, met with petitioner on May 21, 2004, and conducted the depositions of James Keenan and Richard Smith on August 26, 2004.  (Id., Ex. 14 ¶¶ 2-3.)  Lorenson states that, having reviewed the prosecuting attorney's file, he believes that a colorable claim can be made in the ineffective assistance of counsel area but that he would need to present the claim independent of petitioner's framing of the issue.  (Id. ¶ 5.)  Further, Lorenson wanted to withdraw from all representation of petitioner excepting the ineffective assistance issue.  (Id. ¶¶ 6-10.)

Petitioner filed this petition in the United States District Court for the Northern District of West Virginia on September 21, 2004.  On November 12, 2004, United States Magistrate Judge Kaull proposed that this case should be transferred to the Southern District of West Virginia for consideration of petitioner's federal habeas claims.  (See Doc. No. 16.)  By Order entered December 3, 2004, U.S. District Judge Robert Maxwell transferred jurisdiction to this court.

Although there are currently a number of motions pending before the court, the magistrate judge recommended that the court

deny petitioner's "Motion to Accept the Petitioner's Petition for a Writ of Habeas Corpus into Federal Court Jurisdiction under Statutory Exception to Exhaustion Requirement" (Doc. No. 4) and grant respondent's motion to dismiss with respect to excepting the exhaustion requirement (Doc. No. 36), and grant petitioner a period of twenty days in which he can either file an amended petition under § 2254, or to file a motion to withdraw his current petition pending exhaustion of available state remedies.

### C. Analysis

In his lengthy objections to the magistrate judge's findings and recommendations, petitioner notes seven errors in the magistrate judge's findings and recommendations:

> (1) that the magistrate judge erred when he concluded that a three-year-and-three month delay in state habeas corpus comports with the speedy vindication mandated by the United States Constitution and Supreme Court precedent (see Pet.'s Obj. at 21-29);
>
> (2) that the magistrate judge erred when he imputed any of the delay to petitioner (id. at 30-38);
>
> (3) that the magistrate judge erred when he ignored allegations that the State impaired his ability to receive a writ of habeas corpus through refusing to fully develop his trial error and prosecutorial misconduct grounds (id. at 39-44);

   (4) that the magistrate judge erred when he failed to "discern the true nature of the contest in habeas corpus" (see id. 44-47);

   (5) that the magistrate judge erred when he failed to make an initial prima facia evaluation of petitioner's claims (id. 48-50);

   (6) that the magistrate judge erred when he failed to "discern vindictiveness on the part of the Circuit Court of Greenbrier County" against petitioner (id. at 50-52); and

   (7) that the magistrate erred through his reliance on dicta in Walker v. Vaughn, 53 F.3d 609, 615 (3d Cir. 1995), (id. at 52-54).

The court examines these arguments in turn.

**(1) Whether a Three-Year Delay is *Per se* Unconstitutional**

Petitioner's first objection is that the current gap in time between when he filed his habeas petition and the state court's resolution of the same is *per se* unconstitutional. Because of this delay, petitioner contends that he should be permitted to file an action under federal habeas without exhausting his available state remedies. Petitioner notes that the magistrate judge failed to give sufficient weight to the "swift and imperative remedy in all cases of illegal restraint" that is mandated in Carter v. Estelle, 677 F.2d 427 (5th Cir. 1982).

In his findings and recommendation, the magistrate judge found that in a case such as this one where delays in the process have frustrated a petitioner's ability to exhaust his remedies at

state law, an inordinate and unjustified delay may excuse the petitioner from the traditional statutory requirement of exhaustion.  See 28 U.S.C. § 2254(b)(1)(B)(I) & (ii); Patterson v. Leeke, 556 F.2d 1168, 1170 (4th Cir. 1977), cert. denied, 434 U.S. 929 (1977).  To excuse the exhaustion requirement, however, the delay must be attributable to the state's procedures which infringe on petitioner's right to due process, and not attributable to petitioner's own actions.  See Farmer v. Circuit Court, 31 F.3d 219, 222 (4th Cir. 1994) (finding, in part, that exhaustion should not be excused where petitioner had effectively created the situation giving ride to the impasse by escaping from Maryland custody).

In this circuit, the length of delay is not a determinative factor when some of the delay is attributable to petitioner.  See Matthews v. Evatt, 51 F.3d 267 n.* (4th Cir. 1995) (unpublished decision) (stating that a nearly four-year delay did not excuse exhaustion when some of the delay was attributable to appellant). However, when no error is attributable to petitioner, other circuits have been more protective of petitioners' rights.  See, e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004) (finding that an eight-year delay in reaching the merits of a state habeas petition was unreasonable).  However, the court finds no support for the contention that the delay he has faced is presumptively unreasonable regardless of the conduct of the petitioner,

particularly given the Fourth Circuit decision of <u>Farmer v. Circuit Court</u> discussed above.

In addition to not being *per se* unreasonable, this court agrees that petitioner contributed to the delays.  For example, petitioner filed voluminous filings raising complex issues. (Doc. No. 36 at 14.)  Further, petitioner filed a petition and no fewer than four separate addenda between May and November 2002.  (Doc. No. 40 Ex. A.)  Therefore, because petitioner contributed to the delay in his state *habeas* proceedings and because the delay is not *per se* unreasonable, petitioner's first objection is hereby OVERRULED.

### (2) Whether the Magistrate Judge Erred when He Imputed Some of the Delay to Petitioner's Conduct

Given the court's above analysis, petitioner's second objection becomes crucial to his success at this stage of his case.  Petitioner's second objection is that the magistrate judge erred in finding him partly responsible for the delay in this case.  (<u>See</u> F & R, Doc. No. 43 at 15-17.)  The magistrate judge accepted respondent's argument that petitioner caused some of the delay through his voluminous filings filled with complex legal issues and through his desire, expressed for the first time late in the day, to have counsel appointed to assist him.  (<u>See</u> <u>id.</u> at 16.)

The magistrate judge also accepted respondent's arguments that petitioner was also responsible for some of the delay

-8-

following the appointment of Richard E. Lorenson as his counsel. (See id. at 18.) The magistrate judge noted that petitioner had not demonstrated that his counsel had unreasonably or unjustifiably delayed in acting on his state habeas petition, and that petitioner's state habeas action is proceeding forward currently. (Id.) Given that petitioner's state habeas action is proceeding, the magistrate judge, following Walker v. Vaughan, 53 F.3d 609, 613 (3d Cir. 1995), found that it would be inappropriate to excuse exhaustion at this time.[1]

In response, petitioner objects, arguing that because his counsel is appointed, any delay caused by counsel cannot be imputed to him. (see Pet.'s Obj. at 36-38.) Unjustified delay by appointed counsel is not imputed to a *habeas* petitioner if he did not contribute to the delay. See, e.g., Harris v. Champion, 938 F.2d 1062, 1065 (10th Cir. 1991) (holding that appointed counsel's delay could not be imputed to petitioner when counsel was forced upon an unwilling petitioner by reason of his indigency). However, if appointed counsel's delays are partly due to petitioner's actions, they may be imputed to petitioner. Cf. Matthews, 51 F.3d at n.*.

Petitioner's voluminous statements of grounds for *habeas* challenges and extensive court filings show that petitioner

---

[1] Although petitioner objects specifically to the magistrate judge's reliance on Walker, the court will incorporate this objection into its analysis here.

contributed to his counsel's delay. For example, petitioner burdened counsel with over a thousand pages of materials and over a dozen detailed letters. (Doc. No. 4 at 4.) State court records show that petitioner provided his *habeas* counsel with at least 759 pages of grounds petitioner wished to present. (Doc. No. 37-6 at 65-73.) Therefore, because petitioner is not blameless in his counsel's delay, his counsel's delay is fairly imputed to him. Accordingly, petitioner's second objection is OVERRULED.

### (3) Whether the Magistrate Judge Erred when He Failed to Consider the Merits of Habeas Corpus Grounds Petitioner's Counsel Refuses to Assert

Petitioner's third objection is that the magistrate judge should have reviewed the merits of claims his state *habeas* counsel refuses to pursue. Petitioner has no federal constitutional right to counsel in a *habeas* proceeding and this attorney error at the post-conviction stage cannot amount to constitutionally ineffective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (holding that because there is no constitutional right to assistance of counsel in post-conviction proceedings, petitioner cannot claim constitutionally ineffective assistance of counsel).

Petitioner was appointed counsel under a West Virginia statute. (Doc. No. 37 Ex. 10.) Petitioner's remedies are to terminate counsel or proceed with his current counsel and later

challenge his performance under any avenue that might be available in state court. Neither remedy is cognizable in this court. Therefore, objection three is OVERRULED.

### (4) Whether the Magistrate Judge Erred when He Failed to Reach the Merits of Petitioner's Claim

In objections four and five, petitioner argues that the magistrate judge should have considered the merits of *habeas* claims currently pending in state court. This court may deny an unexhausted claim on the merits, but may not grant *habeas* relief unless petitioner exhausts his state *habeas* claim or shows excuse for his failure to exhaust. 28 U.S.C. § 2254(b)-(c). As discussed above, petitioner's claim is unexhausted and the exhaustion is requirement is not excused by his allegation of ineffective state process. Thus, this court need not consider its merits and petitioner's forth and fifth objections are therefore OVERRULED.

### (5) Whether the Magistrate Judge Erred when he Failed to Consider Alleged Vindictiveness of the State Courts

Petitioner's sixth objection that West Virginia state courts are biased against him is in reality a second ineffective state process challenge. (Doc. No. 44 at 50-53.) Although petitioner questions the state court's ability to reach a just result, he points to no specific misconduct by state court officials. Petitioner relies on innuendo to suggest the familiarity of the legal community in his geographic area works to his disadvantage.

The fact that the legal community in petitioner's area is small and sociable is not a legally cognizable objection. Therefore, petitioner's sixth objection is OVERRULED.

### D. Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 30th day of September, 2005.

ENTER:

_David A. Faber_
David A. Faber
Chief Judge